IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHILLIP DEWAYNE STEWART                                                            PETITIONER

V.                              Civil No. 2:22-cv-02064-PKH-MEF

DEXTER PAYNE                                                                        RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Phillip Dewayne Stewart ("Stewart"), has on April 20, 2022, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Stewart's failure to obey the Court's Order directing him to either pay the applicable filing fee or submit a completed application to proceed *in forma pauperis* and his failure to prosecute this case.

### I.      Background

Stewart's § 2254 Petition lists his place of confinement as the "Ouachita River Unit" of the Arkansas Division of Corrections (ECF No. 1, p. 1), but the envelope his Petition was sent in shows an address of P.O. Box 2884, Little Rock, AR 72203 (*Id.*, p. 21).

Stewart's Petition was not accompanied by payment of the applicable filing fee or the submission of an application for leave to proceed *in forma pauperis*, so on April 20, 2022, the Clerk of Court notified Stewart that he must either pay the filing fee of $5.00 or file a motion to proceed *in forma pauperis* no later than May 4, 2022. On May 3, 2022, mail was returned to the Court as "undeliverable" and marked "return to sender." The Clerk noted, "[a]ddress listed

1

incorrectly on envelope," and the mailing was resent to Stewart at the Ouachita River Unit. (ECF No. 3). As a result of the mailing being returned to the Court, on May 11, 2022, the Clerk reset the deadline for either paying the filing fee or submitting a completed IFP application to May 23, 2022. Staff notes entered on May 11, 2022, reflect that Stewart's address was "updated per envelope attached to Petition," and that the mailing sent to Stewart at the Ouachita River Unit had also been resent to Stewart at his address of P.O. Box 2884, Little Rock, AR 72203. On May 18, 2022, the mailing sent to Stewart at the Ouachita River Unit was returned to the Court as "undeliverable" marked "CLOSED," and it was again noted that the mailing had been previously resent to Stewart at P.O. Box 2884, Little Rock, AR 72203. (ECF No. 4). No mail sent to Stewart's address of P.O. Box 2884, Little Rock, AR 72203 has been returned to the Court.

To date, Stewart has failed to pay the applicable filing fee or submit a completed application to proceed *in forma pauperis* as ordered by the Court, and he has not otherwise communicated with the Court.

## II. Legal Standard

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules of this Court state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that a *pro se* litigant failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   Analysis

Stewart has failed to comply with the Court's Order directing him to either pay the applicable filing fee or submit a completed application to *proceed in forma pauperis*. He has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Stewart's § 2254 Petition should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   Conclusion

For the reasons stated above, Stewart's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) should be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of July 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE