IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHILLIP DEWAYNE STEWART                                              PETITIONER

V.                          Civil No. 2:22-cv-02064-PKH-MEF

DEXTER PAYNE                                                          RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Phillip Dewayne Stewart ("Stewart"), has on April 20, 2022, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is the Respondent's Motion to Dismiss. (ECF No. 13). Stewart has not responded to the motion, and the time to do so has passed. For the reasons discussed below, it is recommended that Respondent's Motion to Dismiss (ECF No. 13) be GRANTED and that Stewart's § 2254 Petition be dismissed.

### I.     BACKGROUND

Stewart filed his present Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on April 20, 2022. (ECF No. 1). He challenges his March 21, 2001, convictions for felony speeding and felony fleeing in the District Court of Jacksonville, Arkansas. *Id*. at 1. He indicates that he was "arrested for, a day, and got time served and charged an $800 Dollar Fine." *Id*. Regarding any appeal, it appears Stewart first checked "no," then struck through that answer and checked "yes," providing information regarding his earlier habeas filing in this Court in Case No. 2:22-cv-02011-PKH-MEF, which he acknowledges was denied on March 10,

1

2022.¹  There is no indication that Stewart ever pursued a direct appeal of the conviction and sentence in state court.

As grounds for federal habeas relief, Stewart claims: (1) he was not given an attorney to represent him; (2) prosecutorial misconduct; (3) double jeopardy; and (4), his guilty plea was involuntary, as he was not given a mental examination to see if he was competent to stand trial, he was not given a court-appointed attorney, he was charged with two crimes arising from one incident, and that his guilty plea was not intelligent, knowing, and voluntary.  (ECF No. 1, pp. 5-12).  Regarding the timeliness of the petition, Stewart states "habeas corpus can be filed at any time."  *Id*. at 15.  He asks the Court to void the conviction and grant all other relief due him.  *Id*. at 17.

## II.     DISCUSSION

Stewart's current § 2254 Petition is subject to dismissal for several reasons: it is an unauthorized second or successive federal habeas petition; Stewart is not in custody for the convictions he challenges; the petition is time barred; and his claims are inexcusably procedurally defaulted.

### A.     Unauthorized Second or Successive Petition

As noted above, Stewart previously filed a petition under 28 U.S.C. § 2254 in this Court on January 12, 2022, challenging his 2001 Jacksonville District Court convictions.  (Case No. 2:22-cv-02011-PKH-MEF).  As it appeared from the record that Stewart resided in Little Rock, Arkansas, located within the Eastern District of Arkansas, and he challenged convictions of the

---

¹ Stewart's earlier habeas petition was filed in this Court on January 12, 2022, and it was transferred to the Eastern District of Arkansas on January 18, 2022.  Upon transfer, the case was reassigned Case No. 4:22-CV-00037-BRW, and a Magistrate Judge's Report and Recommendation was entered on February 15, 2022, recommending dismissal of the habeas petition because (1) Stewart was not in custody under the conviction or sentence attacked at the time of filing, and (2) the petition was time barred.  (ECF No. 13-5).  The Magistrate Judge's Report and Recommendation was adopted in its entirety on March 10, 2022, and the petition was dismissed, and relief denied.  (ECF No. 13-6).

District Court of Jacksonville, Arkansas, also located within the Eastern District of Arkansas, there was no connection to the Western District of Arkansas and the case was, on January 18, 2022, transferred to the Eastern District of Arkansas. (Case No. 2:22-cv-02011-PKH-MEF, ECF No. 4). Upon transfer, the Eastern District of Arkansas reassigned it Case No. 4:22-CV-00037-BRW.

In that prior case, Stewart claimed: (1) he was not given an attorney to represent him; (2) prosecutorial misconduct; (3) double jeopardy; and (4), that he was denied a fair and impartial trial because he had no court-appointed attorney, he had no mental examination to see if he was competent to stand trial, his arrest was the result of racial profiling, he was subjected to double jeopardy, and his court appearance was rushed. (Case No. 2:22-cv-02011-PKH-MEF, ECF No. 1). Proposed Findings and Recommendations by the Magistrate Judge, the Hon. Joe J. Volpe, were filed on February 15, 2022. (ECF No. 13-5). Dismissal of the habeas petition was recommended because (1) Stewart was not in custody under the conviction or sentence attacked at the time of filing, and (2) the petition was time barred. *Id*. Stewart filed no objections to the Proposed Findings and Recommendations. On March 10, 2022, the Hon. Billy Roy Wilson, United States District Judge, entered an Order adopting the Proposed Findings and Recommendations in their entirety, and Stewart's § 2254 Petition was dismissed. (ECF No. 13-6).

Stewart's current § 2254 Petition asserts virtually identical claims concerning the same March 2001 Jacksonville District Court convictions. (ECF No. 1, pp. 5-12).

The Anti-Terrorism and Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. Because Stewart has not applied

for, nor obtained, certification and permission from the United States Court of Appeals for the Eighth Circuit to file this second or successive petition under § 2254 involving the same challenged convictions, as required by 28 U.S.C. § 2244(a) and (b)(3)(A), this Court lacks jurisdiction to adjudicate it. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (district court lacked jurisdiction to entertain state inmate's habeas petition since inmate did not obtain order authorizing him to file second petition). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Accordingly, this Court lacks jurisdiction to entertain Stewart's current § 2254 Petition and it should be dismissed as an unauthorized second or successive federal habeas petition.

### B.     Stewart is Not in Custody on the Challenged Convictions

In his current § 2254 Petition, Stewart lists his place of confinement as the Ouachita River Unit of the Arkansas Division of Correction ("ADC") (ECF No. 1, p. 1), although in his earlier § 2254 proceeding Stewart filed a notice of change of address on January 14, 2022, stating that he was released from the ADC on January 10, 2022, and he moved to Little Rock, Arkansas. (Case No. 2:22-cv-02011-PKH-MEF, ECF No. 2). The envelope used to mail his current § 2254 Petition to the Court lists an address of P.O. Box 2884, Little Rock, AR 72203. (ECF No. 1, p. 21). After the dismissal of his earlier § 2254 proceeding by the Eastern District of Arkansas, and apparently perceiving that his release from ADC custody negatively affected his habeas claims, Stewart writes in at the top of his current § 2254 Petition that, "I was incarcerated when filed, it is signed by two sergeants on (1/9/22)." *Id*. at 1. He also attaches a copy of the envelope used to mail his earlier petition to this Court, showing a post-mark date of January 10, 2022, and a page ostensibly containing the two sergeants' signatures on January 9, 2022. *Id*. at 18-20. Stewart misses the point regarding his custody status.

As Magistrate Judge Volpe noted in his Proposed Findings and Recommendations, "[a] person must be in custody *under the conviction or sentence attacked* at the time of filing," citing *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991). (ECF No. 13-5, p. 2) (emphasis added). Stewart is not presently in ADC custody (Case No. 2:22-cv-02011-PKH-MEF, ECF No. 2), and while he was apparently still in ADC custody when he certified under penalty of perjury that he placed his earlier § 2254 Petition in the prison mailing system on January 7, 2022 (Case No. 2:22-cv-02011-PKH-MEF, ECF No. 1, p. 16), the record shows that he was serving a 10-year sentence for First-Degree Battery imposed by the Pulaski County Circuit Court in Case No. 2010-1859, and another 10-year sentence for Failing to Register as a Sex Offender (Habitual Offender) imposed in Pulaski County Circuit No. 2012-558. (ECF No. 13-2). He was clearly ***not*** in ADC custody, then or now, on the one-day sentence (time served) imposed by the District Court of Jacksonville, Arkansas in March 2001. Because Stewart is no longer in custody *on that sentence* and was not when his current § 2254 Petition was filed, this Court lacks subject matter jurisdiction, and the Petition is subject to dismissal.

## C. Timeliness

Stewart's § 2254 Petition is also time barred. A one-year period of limitation applies to petitions brought under 28 U.S.C. § 2254. This period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

5

or, (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Stewart's current § 2254 Petition lists only his prior § 2254 proceeding as an "appeal" from the challenged convictions. There is no indication that he ever pursued any direct appeal from his challenged convictions in state court. Since no direct appeal was filed, the one-year limitation period began to run 30 days after the judgment was entered. 28 U.S.C. § 2244(d)(1)(A); Ark. R. App. Proc. – Crim. 2(a)(1) (notice of appeal must be filed within 30 days from date of entry of judgment). He alleges that the date of judgment of the challenged convictions is March 21, 2001. Any direct appeal should have been filed no later than April 20, 2001, and Stewart had one year from that date, until April 20, 2002, to pursue § 2254 relief. His current § 2254 Petition was filed on April 20, 2022, exactly 20 years after the expiration of the one-year limitation period.

Further, there is no record of any application in state court for post-conviction or other collateral relief that would have tolled the limitation period under § 2244(d)(2). Nor is any basis for equitable tolling alleged. Stewart asserts only that "habeas corpus can be filed at any time." *Id*. at 15. He is incorrect. His § 2254 Petition, filed 20 years after the expiration of the one-year limitation period, is time barred and should be dismissed.

### D. Procedural Default

Stewart's habeas claims are also procedurally defaulted, as the record demonstrates that he pursued no direct appeal from the state court convictions he now challenges.

Procedurally defaulted claims are "contentions of federal law which were not resolved on the merits in the state proceeding due to [a federal habeas petitioner's] failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). A federal habeas petitioner must show that he "has exhausted the remedies available in the courts of the State" as a

precondition to seeking relief under the federal habeas statute. 28 U.S.C. § 2254(b)(1)(A). State courts should have the opportunity to review the rulings of lower state courts and correct any federal constitutional errors. *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982). The claims must be presented in a timely and procedurally correct manner to allow review on the merits, and a failure to do so results in a procedural default. *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). A claim that is procedurally defaulted is considered to rest upon an adequate and independent state ground and is thus insulated from federal habeas review. *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Stewart did not appeal from the Jacksonville District Court's March 2001 judgment. He has, therefore, procedurally defaulted the claims he now seeks to assert.

### III.  CONCLUSION

For the reasons and upon the authorities discussed above, this Court does not have subject matter jurisdiction to entertain the habeas corpus claims Stewart has brought under 28 U.S.C. § 2254. It is recommended that Respondent's Motion to Dismiss (ECF No. 13) be **GRANTED** and Stewart's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be **DISMISSED with PREJUDICE**.

Further, as Stewart has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. 28 U.S.C. §§ 2253(c)(1)(A) and (c)(2); Rule 11, Rules Governing § 2254 Cases in the United States District Courts.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties**

7

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of October 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE